IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX MELVIN WADE, JR., § <br> (TDCJ-CID #1624189) § <br> § <br> Petitioner, § <br> § <br> vs. § <br> § <br> RICK THALER, § <br> § <br> Respondent. § | CIVIL ACTION H-10-5100 |

**MEMORANDUM AND OPINION**

The petitioner, Alex Melvin Wade, Jr., seeks habeas corpus relief under 28 U.S.C. § 2254, challenging the state habeas court's decision to dismiss his state application for postconviction relief. The court dismisses this petition because the claim is unexhausted. Alternatively, the court finds that the claim presented in this petition lacks merit. The reasons for these rulings are explained more fully below.

**I.   Background**

On February 3, 2010, a jury of the 185th Judicial District Court of Harris County, Texas found Wade guilty of theft[1] and imposed a 45-year prison term. (Cause Number 1222385). Wade filed a notice of appeal on May 28, 2010, 24 days after the deadline for filing an appeal. On September 23, 2010, the First Court of Appeals dismissed the appeal because the untimely notice of appeal failed to vest the appellate court with jurisdiction to hear the case. *Wade v. State,* No. 01-10-00463-CR (Tex. App. -- Houston [1st Dist.] 2010, no pet.) (not designated for publication).

---

[1] Wade advised this court that its earlier order incorrectly stated that he had been convicted of forgery. (Docket Entry No. 11, p. 1).

Wade states that he filed an application for state habeas relief on October 21, 2010. On November 24, 2010, the 185th Judicial District Court of Harris County, Texas dismissed the state application because the appellate court had not issued a mandate when Wade filed his state application. In this federal petition, Wade complains that the state habeas court erred in dismissing his state habeas application. He argues that the appellate court dismissed his appeal for lack of jurisdiction, and that the state habeas court incorrectly found that a mandate was necessary. (Docket Entry No. 1, Federal Petition, p. 6).

In support of his federal petition, Wade attaches a copy of his state application for habeas corpus relief. He challenges his conviction on the following grounds:

(1)   the prosecutor knowingly used false evidence;

(2)   the prosecutor presented prejudicial testimony;

(3)   the prosecutor engaged in misconduct during the opening and closing arguments;

(4)   the trial court erred in allowing the prosecutor to comment on Wade's character;

(5)   the trial court was biased against him;

(6)   Wade was denied effective assistance of counsel during critical stages of the trial;

(7)   counsel failed to make appropriate objections to the prosecutorial misconduct;

(8)   counsel failed to file a motion to dismiss or move for a directed verdict;

(9)   counsel failed to object to the jury instructions;

(10)  Wade was denied effective assistance on appeal;

(11)  counsel failed to subpoena witnesses that could have altered the outcome at trial;

(12)  counsel failed to cross-examine the State's principal witness effectively;

(13)  the evidence was insufficient to support Wade's conviction;

    (14)    the prosecutor knowingly suppressed favorable evidence;

    (15)    the indictment was defective; and

    (16)    counsel rendered ineffective assistance by not moving to dismiss the indictment.

(Docket Entry No. 1-1, Federal Petition, pp. 3-15).

## II. The Issue of Exhaustion

Prisoners suing under section 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A state prisoner must exhaust available state court remedies before he can obtain federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.*; *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims

in his federal habeas petition. *Nobles v. Johnson,* 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied,* 523 U.S. 1139 (1998) (citing *Anderson v. Harless,* 459 U.S. 4, 6-7 (1982)).

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)). A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). A federal court may raise on its own a petitioner's failure to exhaust state law remedies and dismiss without prejudice a federal petition that contains unexhausted grounds for relief. *See Rose v. Lundy,* 455 U.S. 509, 510 (1982).

Before acting on its own, a federal court must give the parties fair notice of the lack of exhaustion and an opportunity to present their positions. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006); *Magouirk v. Phillips,* 144 F.3d 348, 357-59 (5th Cir. 1998). In an order entered on May 23, 2011, this court directed Wade to file a written statement by June 24, 2011, explaining why this court should not dismiss his petition for failure to exhaust available state court remedies. 28 U.S.C. § 2254(b) and (c). *See Day v. McDonough,* 547 U.S. 198 (2006). This court instructed Wade to set forth, in writing, grounds to support an argument that his claims are not subject to dismissal for failure to exhaust. (Docket Entry No. 10). Wade complied on June 2, 2011. (Docket Entry No. 11).

Wade states that his sole claim in this federal petition is that the state habeas court erred in dismissing his state application for postconviction relief. (Docket Entry No. 2). He argues that the

4

state habeas court incorrectly determined that the conviction was not final because the appellate court had not issued a mandate. Wade explains that his state application contained 16 grounds for relief, but he is not raising those grounds in this federal petition. (*Id.* at 3).

Wade's only claim in this federal petition is that the state habeas court erred in dismissing his state habeas application. Wade has not presented this claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas application.

Wade argues that he did present this claim in response to the State's answer and that it is, therefore, exhausted. But even if this claim were exhausted, it lacks merit. A district court may examine the merits of a habeas petition before any answer or other responsive pleading. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

To the extent that Wade's claim that the state habeas court erred under state law in dismissing his state application, these claims are not a proper basis for federal habeas relief. A state prisoner seeking federal court review of his conviction or sentence under 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Fierro v. Johnson,* 197 F.3d 147, 156 (5th Cir. 1999). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). The question before a federal habeas corpus court is not whether the state court correctly applied its own interpretation of state law; rather, the question is whether the petitioner's federal constitutional rights were violated. *Neyland v. Blackburn,* 785 F.2d 1283, 1293 (5th Cir.), *cert. denied,* 479 U.S. 930 (1986); *Coleman v. Thompson,* 501 U.S. 722, 730 (1991).

To the extent Wade argues that there were errors in the state habeas proceedings, they are not grounds for habeas relief in federal court. *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir.), *cert. denied,* 118 S. Ct. 576 (1997); *see Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Morris v. Cain,* 186 F.3d 581, 585 n.6 (5th Cir. 1999). Wade has not shown a basis for granting habeas relief. 28 U.S.C. § 2254(d)(1).

### III. Conclusion

Wade's federal petition is dismissed for failure to state a cognizable ground for habeas relief. This case is dismissed. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001). When a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. at 484. When the denial of relief is based on procedural grounds, without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because Wade has not made the required showing, this court will not issue a COA.

SIGNED on June 6, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge